IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOREHEI PIERCE,

    Plaintiff,

    v.

KRIS KOBACH, *et al.*,
    Defendants.

Case No. 23-4028-JWB-ADM

## ORDER

    This matter comes before the court on pro se plaintiff Morehei Pierce's Motion to Appoint Counsel. (ECF 4.) Pierce filed a complaint that appears to seek compensation for alleged wrongful imprisonment after he was convicted of aggravated robbery and kidnapping in Wyandotte County, Kansas, District Court. (ECF 1.) The court granted Pierce leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF 6.) For the reasons discussed below, the court denies Pierce's request for appointment of counsel without prejudice to being renewed only if and when Pierce's claims survive summary judgment and are proceeding to trial.

    In civil actions such as this one, there is no constitutional right to appointed counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). In deciding whether to appoint an attorney to represent an indigent party, the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The court also

considers whether the party has made a diligent effort to retain an attorney. *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).

The fact that an attorney could assist in presenting the "strongest possible case" is not enough to justify appointing counsel because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). In addition, the court is mindful that § 1915(e)(1) provides no method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

The court does not find it appropriate to appoint counsel for Pierce at this time. Although it appears Pierce was diligent in attempting to retain an attorney, other factors weigh against appointment. The factual and legal issues in this case do not appear to be complex. Pierce has not demonstrated any reason why he would be unable to investigate the facts and present his claims to the court, particularly given the liberal standards governing *pro se* litigants. The court is also confident that the district judge assigned to this case will have little trouble discerning the applicable law, as this case does not appear to present any atypical or complex legal issues. Finally, based on the limited factual allegations and claims presented in the complaint, it does not appear that Pierce's claims are particularly meritorious.

Appointing counsel to represent Pierce is not warranted at this time because the § 1915(e)(1) factors do not weigh in his favor. Pierce's request for appointment of counsel is

3

therefore denied. However, the court will deny the motion without prejudice to be renewed only if and when his claims survive summary judgment and are prepared to proceed to trial.

**IT IS THEREFORE ORDERED** that Pierce's Motion to Appoint Counsel (ECF 4) is denied without prejudice.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this order to Pierce via regular mail.

Dated April 19, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
