IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOREHEI PIERCE,

    Plaintiff,

    v.

KRIS KOBACH, *et al.*,

    Defendants.

Case No. 23-4028-JWB-ADM

**REPORT AND RECOMMENDATION**

Pro se plaintiff Morehei Pierce brings this action under 42 U.S.C. § 1983 based on the allegedly erroneous dismissal of his state-court action. He names as defendants Kris Kobach, in his capacity as Kansas Attorney General, and Mark Dupree, in his capacity as the Wyandotte County District Attorney. The court previously granted Pierce leave to proceed in forma pauperis ("IFP"), but directed the U.S. Marshal Service to withhold service of process until the court screened the complaint for merit under 28 U.S.C. § 1915(e)(2)(B). (ECF 6.) As discussed in further detail below, upon screening, the court now recommends that the district judge dismiss Pierce's complaint.

**I.    LEGAL STANDARDS**

When a plaintiff proceeds IFP, the court may screen the complaint under § 1915(e)(2)(B). The court must dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon,

baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Because Pierce is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In so doing, however, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

## II.   ANALYSIS

The whole of Pierce's complaint is that the District Court of Wyandotte County, Kansas, erroneously dismissed his request for post-conviction relief after he was released on parole in 2022. Pierce explains that he sought to be exonerated in his underlying Kansas criminal case because he is innocent of the charges on which he was convicted—aggravated robbery and kidnapping—but the state court order dismissing his request for relief misconstrued Pierce's argument as seeking relief based on the coronavirus pandemic. In this action, Pierce appears to be seeking review and reopening of his state case, asking the court to order the defendants to file a response therein.

This court has no authority to act on Pierce's request. "[F]ederal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments." *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (concluding a federal court has no authority to review state-court judgments), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923) (holding federal courts do not have jurisdiction to modify state-court judgments)); *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006) (holding no federal court other than the Supreme Court can

entertain a proceeding to reverse or modify a state-court judgment); *Clements v. Chapman*, 189 F. App'x 688, 691 (10th Cir. 2006) (holding lower federal courts have no jurisdiction where "a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court"). The Tenth Circuit has clearly explained that "voiding a state court judgment [is] the exclusive province of the Supreme Court in the exercise of its appellate jurisdiction. For a district court to void a state court judgment would be a usurpation of the authority of the Supreme Court." *Bolden*, 441 F.3d at 1139.

The court further notes that Pierce names only Kobach and Dupree as defendants, but he does not allege any actions taken by these individuals. As stated above, § 1915(e)(2)(B)(ii) directs the court to dismiss an action that fails to state a claim on which relief may be granted. Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

Because Pierce has not alleged any facts implicating Kobach or Dupree, it would be impossible for him to prevail on any claim asserted against them. More specifically, Pierce's complaint lacks any allegation that either of these defendants, acting under color of state law,

3

caused Pierce to be deprived of any federal rights or privileges, as is necessary to support a § 1983 claim. *See* 42 U.S.C. § 1983. Thus, it would be futile to give Pierce an opportunity to amend his § 1983 complaint against these defendants.

In short, the court cannot construe Pierce's complaint in any way to assert a claim upon which relief may be granted against the defendants, and granting Pierce leave to amend would be futile. The nature of the action he purports to bring simply is not cognizable in federal court. The court therefore recommends that the district judge dismiss Pierce's complaint in its entirety.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Pierce may file written objections to this Report and Recommendation within fourteen days after being served with a copy. If Pierce fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that Pierce's complaint be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to Pierce via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated May 9, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
